UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIN TERRY,  
Individually and on behalf of  
similarly situated persons,

      Plaintiff,

vs.

MELVINDALE-NORTHERN
ALLEN PARK PUBLIC SCHOOLS
and SANDEY GUTENSCHWAGER
and KIMBERLY SORANNO
in their official and individual capacities,

      Defendants.

Case No.  
Hon.

_____

ERNST LAW FIRM, PLC  
Kevin Ernst (P44223)  
Hannah R. Fielstra (P82101)  
Counsel for Plaintiff  
645 Griswold, Suite 4100  
Detroit, Michigan 48226  
(313) 965-5555  
kevin@ernstlawplc.com  
hannah@ernstlawplc.com  
_____/

**<u>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

    Plaintiff, through counsel, states as follows in support of her complaint:

## **VENUE AND JURISDICTION**

1. Plaintiff was at all times relevant hereto, a citizen of the United States and State of Michigan residing in the Eastern District of Michigan.

2. The cause of action arose in the City of Melvindale, Michigan, in the Eastern District of Michigan.

3. Defendant MELVINDALE-NORTHERN ALLEN PARK PUBLIC SCHOOLS was at all times relevant hereto a public school district in the State of Michigan.

4. Defendant KIMBERLY SORANNO was at all times relevant hereto the Superintendent for Melvindale-Northern Allen Park Public Schools, acting under color of state law and is being sued in her official and individual capacity. Defendant Soranno resides within the Eastern District of Michigan.

5. Defendant SANDEY GUTENSCHWAGER was at all times relevant hereto the Director of Finance for Melvindale-Northern Allen Park Public Schools, acting under color of state law and is being sued in her official and individual capacity. Defendant Gutenschwager resides within the Eastern District of Michigan.

6. The federal claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

## **FACTUAL ALLEGATIONS**

7. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

8. Plaintiff Christin Terry has been a special education teacher for Melvindale-Northern Allen Park Public Schools since 2008.

9. During the COVID-19 pandemic in the Summer of 2020, Melvindale-Northern Allen Park Schools did not offer summer school due to schools being closed, as they had in previous years.

10. Plaintiff Christin Terry depended on the income she received from working during summer school, in addition to her teacher salary during the school year, for the previous eight years. Ms. Terry was not paid by the district for time she normally would have spent working summer school.

11. During the summer of 2020, Plaintiff Christin Terry applied for unemployment benefits for the five weeks she would have been working summer school at her summer school rate of pay and certified for those weeks at that amount.

12. Ms. Terry was approved and deemed eligible for unemployment benefits during the weeks for which she certified by the Michigan Unemployment Agency. She was not charged with fraud or misrepresentation by the unemployment agency.

13. Ms. Terry did not earn any teaching pay during the five weeks she received unemployment benefits and reported all other income she received.

14. On August 20, 2020, Defendants Kimberly Sorrano and Sandey Gutenschwager sent a memorandum to all district staff regarding unemployment claims. The memo stated that filing for unemployment for the summer is fraud.

15. The memo further stated that "should the district be billed for unemployment," that it will seek disciplinary action. The action could include suspension without pay or termination.

16. The memo advised employees who had filed for unemployment during the summer to "remedy the situation with the unemployment agency."

17. Ms. Terry contacted the unemployment agency and inquired with a representative who told her that there was no fraud or misrepresentation associated with her claim for unemployment.

18. Ms. Terry also notified the unemployment agency that she had been advised to withdraw her claim for benefits and requested to immediately withdraw her claim based on that advice.

19. Ms. Terry sent a copy of that communication to Defendant Sorrano.

20. Nonetheless, because she was approved for benefits by the Agency and not charged with fraud by the Agency, she received her unemployment benefits in a direct deposit on or about October 2, 2020.

21. On October 20, 2020, Defendant Gutenschwager wrote Ms. Terry a letter regarding the unemployment claim she filed due to the district not offering summer school during the COVID-19 pandemic.

22. The letter stated that Ms. Terry "wrongfully filed for unemployment during the COVID-19 shutdown." The letter further stated that Ms. Terry was not financially harmed by the COVID shutdown" and "therefore, [her] unemployment claim was fraudulent."

23. The letter further stated, "Based on your wrongful attempt to collect unemployment while receiving full pay, you will be receiving a 10-day suspension without pay."

24. The letter ended, "Any future attempts to fraudulently collect money will result in further discipline, up to and including termination."

25. Ms. Terry lost over $4,000 due to the suspension and now has a suspension in her employee file.

26. Several other employees were also told by Defendants that the unemployment claims and benefits to which they were entitled were

fraudulent, told to immediately withdraw their claims for benefits, and also suspended without pay, terminated, or otherwise disciplined.

## CLASS ALLEGATIONS

27. Plaintiff brings this class action under Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c)of the Federal Rules of Civil Procedure on behalf of a class consisting of Plaintiff and all other persons who filed for unemployment benefits due to the district not offering summer school and therefore not being paid those wages they depended on who were told by Defendants that their claims were fraudulent and were suspended without pay, terminated, or otherwise disciplined.

28. The class is so numerous that joinder of all members is impracticable as there are potentially dozens of plaintiffs.  Defendant Soranno claimed to Plaintiff that the district paid over $150,000 in "fraudulent unemployment claims."

29. Plaintiff's claims are typical of the claims of the other members of the Class, as Plaintiff and other members of the Class filed for unemployment benefits due to the district not offering summer school and therefore not being paid those wages they depended on who were told by Defendants that their

claims were fraudulent and were suspended without pay, terminated, or otherwise disciplined.

30. Defendants acted wrongfully in the same basic manner to the entire class.

31. Plaintiff will fairly and adequately represent the interests of the Class and has retained competent and experienced counsel.

32. Plaintiff has no interests that are contrary to or in conflict with those of the class.

### **COUNT I: FIRST AMENDMENT RETALIATION**
*As to Defendants Sorrano and Gutenschwager*

33. At all material times, Plaintiff and other similarly situated individuals were engaged in constitutionally protected activity, exercising their clearly established First Amendment rights to petition the government for redress.

34. It is clearly established that the right of access to courts to pursue grievances extends to include the right of access to administrative agencies. *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988).

35. It is unconstitutional for a state official to take retaliatory action against an individual designed either to punish him for having exercised his constitutional right to seek judicial relief or to intimidate or chill his exercise of that right in the future.

36. Defendants retaliated against Plaintiff Christin Terry and other similarly situated individuals for exercising their protected constitutional rights to petition the government for redress.

37. Defendants retaliated against Plaintiff and other similarly situated individuals for exercising their First Amendment rights in violation of clearly established law.

38. Defendants do not have immunity for violating Plaintiff's rights.

39. Defendants' adverse action injured Plaintiffs and other similarly situated individuals by restraining, preventing, deterring and impairing their rights to petition the government for redress in a way that would chill the Plaintiff and a person of ordinary firmness from petitioning the government for redress.

40. Defendants were motivated to take this adverse action in whole or part because of Plaintiff's constitutionally protected First Amendment rights, including petitioning the government for redress and his disability.

41. "Even the threat of an adverse action can satisfy [the adverse action] element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct." *Hill v Lappin,* 630 F.3d 468, 472 (6th Cir. 2010).

42. As a direct and proximate result of Defendant's actions as described above, Plaintiff and other similarly situated individuals have suffered damages including lost income, humiliation, embarrassment and those further described below.

## COUNT II: FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS VIOLATION
*As to Defendants Sorrano and Gutenschwager*

43. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

44. The actions and/or omissions of Defendants as described above constitute violation of due process under the Fourteenth Amendment to the United States Constitution.

45. The due process violation resulted from an established district-wide procedure/policy and not the random and unauthorized acts of state officials.

46. The right to a constitutionally prompt hearing prior to being accused of fraud and being suspended or otherwise disciplined was clearly established at the time of the constitutional violations, and any reasonable person should have been aware of Plaintiff's rights and should have recognized their actions violated said rights.

## COUNT III: MONELL LIABILITY
*As to Defendant Melvindale-Northern Allen Park Public Schools*

47. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

48. At the time of Plaintiff's fraud accusation and subsequent suspension without pay, Defendant Melvindale-Northern Allen Park Public Schools had a policy, practice and/ or custom of accusing rightful unemployment applicants with fraud, suspending or otherwise disciplining them without a hearing, and restraining, preventing, deterring and impairing their rights to petition the government for redress in a way that would chill the Plaintiff and a person of ordinary firmness from petitioning the government for redress.

49. These unconstitutional policies, practices and/or customs were a driving force behind the constitutional violations suffered by Plaintiff and other similarly situated individuals.

## DAMAGES

50. As a direct and proximate result of Defendant unlawful activity, Plaintiff has suffered and continues to suffer damages for which the Defendant is liable including but not limited to lost wages, humiliation, mortification embarrassment and the loss of his rights to engage their government like any other citizen.

51. As a result of the Defendants' reprehensible, wanton, oppressive unconstitutional and unlawful actions and/or omissions, Plaintiff is entitled to recover punitive damages.

1. Plaintiff is also entitled to recover reasonable costs and attorney's fees under 42 USC § 1988.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment for damages against Defendant in whatever amount a jury shall determine is reasonable, fair and just, plus interest, costs and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues allowed by law.

Respectfully submitted,

ERNST LAW FIRM, PLC

/s/ Hannah R. Fielstra
    Hannah R. Fielstra (P82101)
    Kevin Ernst (P4422)
    hannah@ernstlawplc.com
    kevin@ernstlawplc.com

Dated: August 18, 2023